By the Court.
Titus sued the insurance company to recover for an alleged loss by fire. The petition set forth three causes of action. The first to recover eight hundred dollars for loss of the barn on a policy for six hundred dollars, to which an addition of two hundred dollars was subsequently made. The second, to recover $1,378 for loss of contents on a policy insuring the- contents of the barn to the amount of $2,"400. The third averred that the defendant had adjusted the amount, of the loss and had agreed to pay $2,178 in settlement. The barn and contents were alleged to have been totally destroyed by a fire on July 11,-1905.
For answer, the defendant admitted the issuing of the policies and denied generally .the other allegations of the petition. For a second defense, it averred that by the terms of the policy of insurance, issued on the barn, the entire policy, unless otherwise provided- by agreement endorsed *166 thereon or added thereto, was void, if the subject of insurance, or any part thereof, or the real estate, or.any part thereof, was, or should thereafter be incumbered by mortgage or otherwise. That it was further provided and agreed by the terms of the policy, between the insured and the company, that no officer, agent or adjuster or other representative should have power to waive or alter any of the provisions or conditions of the policy, except such as by the terms of the policy were made, the subject of agreement, endorsed thereon or added thereto, and as to such provision or conditions, such waiver or alteration, if any, should only 'be valid when actually endorsed thereon or added thereto by such officer, agent or adjuster; “nor shall any permission or- privilege affecting this insurance exist or be claimed by the insured unless so written, endorsed or attached.” It then averred that after the issuance of said policy, and before the time of the fire, the real estate on which the barn was situated was incumbered by a mortgage in the sum of four thousand dollars, without any agreement therefor being endorsed on,' or added to, the policy of insurance, in violation of the terms and conditions of the policy, and that thereby by its terms, the policy became and was at the time of the loss by fire wholly void and of no effect. Subsequently, by amendment, it averred that it was further provided and agreed by the terms of the policy on the building, that the entire policy should be void if the premium, or any note given therefor, should have been due and unpaid for thirty days at the time of the loss, and averred that the premium for *167 the additional insurance had never been paid, whereby the policy became null and void.
The plaintiff replied admitting the incumbrance for four thousand dollars and that it was made without any agreement therefor being endorsed on the policy; but averred that on or about the date of the execution of the mortgage he had notified the company of the execution of the mortgage, the date thereof, to whom executed and the amount thereof, and that the company then' consented to the incumbrance and waived the condition of the policy pleaded in the answer, and averred that the company thereafter received additional premiums, and neglected to endorse the agreement to waive the provisions, as to incumbrance, on the policy, although opportunity had been given it to do so. The plaintiff also denied that it had not paid the premium.
During the trial the plaintiff was given leave to amend, at bar, the second cause of action, to conform to the proof by adding the following averment: “Plaintiff further says that the loss of said personal property insured by said policy was total, and an appraisement of same was impossible, and well known by said defendant to be so; that said defendant compan}^ never disputed the amount or value thereof, but that said amount and value of said loss was ascertained and determined by said defendant; and further that there has been no disagreement as to the amount of said loss between said plaintiff and defendant.” The amended answer was withdrawn and refiled. At the close of plaintiff’s evidence, the defendant moved the court to direct the jury to return a *168 verdict for the defendant on the first cause of action, and at the close of all the evidence requested the court in its charge to so instruct the jury. The court overruled the motion and refused the request, and on request of plaintiff gave the jury, before argument, the following instruction, to which the defendant excepted: “If you find from the evidence that Wallace & Corry were the general agents for the defendant in this county, and that said'plaintiff notified said Wallace & Corry of the increase of his mortgage from $2,500 to $4,000 prior to the loss; and subsequent thereto and prior to any loss, the said defendant, with the knowledge of the existence of said mortgage, granted additional insurance on said barn, then I charge you that the granting of such additional insurance was a waiver■ on the part of said defendant of that condition in said policy, requiring the consent of the company to encumbrances on the property insured, subsequent to the issuance of the policy, to be endorsed on said policy in writing.”
The court in the general charge instructed the jury as follows, to which the defendant excepted: “If, therefore, you find from the testimony that at the time of the execution of the $4,000 mortgage that the plaintiff went to Wallace & Corry and advised them of the execution of a new mortgage for $4,000, and the cancellation of the old one for $2,500, and that Wallace & Corry advised the plaintiff that it would be all right to so execute the new mortgage for $4,000 and cancel the old one for $2,500, and if you further find from the evidence that Wallace & Corry were the general hgents of the defendant .in .this county, in the *169 procuring of insurance, and had general authority to represent the defendant in the transaction of its business in this county, as an insurance company, such as by the filling out and issuing of policies, the making of contracts of insurance and the collection and handling of the moneys of the defendant, and the adjustment and payment of certain losses of the defendant, then these facts may be considered by you for the purpose of enabling you to determine whether or not Wallace & Corry had authority on behalf of the defendant to waive the provision of the said contract of insurance, in regard to the manner by which the agreement and consent of the defendant to the said incumbrance of $4,000 might be secured.
“If you find from the evidence that the defendant company, prior to the said loss, knew of the execution of this new mortgage for $4,000, and the cancellation of the old mortgage for $2,500, and with such knowledge acquiesced therein and recognized the validity of the said policy of insurance under such changed conditions, such as by accepting payment of premiums thereafter from the plaintiff, or by paying losses thereunder' to the plaintiff on said policy, then the defendants would be considered as having consented to such change in the incumbrance on said property and would be considered as having waived a strict compliance with the provisions of the policy as to the manner .in which its consent or agreement to such new incumbrance should be secured.
' “The burden, of showing the authority of Wallace & Corry to waive a strict compliance with *170 the provisions of the policy in question is upon the plaintiff.”
The 'jury found for the plaintiff for $2,138.75, the plaintiff remitted five dollars and judgment was entered for $2,133.75, and on error ip the circuit court the judgment was affirmed.
The plaintiff in error contends that the court erred in not directing a verdict for the defendant on the first cause of action; that the plaintiff’s evidence tended to prove a disagreement as to the amount of the loss, and no appraisement or demand and refusal, and that, therefore, the second cause of action falls within the rule in Graham et al. v. The German American Insurance Company, 75 Ohio St., 374.
The contract of insurance stipulated that the policy, unless otherwise provided by agreement endorsed thereon, should be void if the real estate, or- any part thereof described in the application, should thereafter be incumbered by mortgage or otherwise. And further: “And no officer, agent or adjuster or other representative shall have power to waive or alter any .of the provisions or conditions of this policy, except such as by the terms of this policy are made the subject of agreement endorsed hereon or added hereto, and as to such provisions or conditions, such waiver or alteration, if any, shall only be valid when actually endorsed hereon or added hereto by such officer, agent or adjuster; nor shall any permission or privilege affecting this insurance exist or be claimed bjr the insured unless so written, endorsed or attached.”
*171 The insured had the policy in his possession and is presumed to know its provisions. These provisions are valid, they are usually found in such contracts, and are considered necessary for the protection of the company. They cannot be waived by the agent, excepting in the manner stipulated in the policy, and would afford very little protection to the company if they could be. (Union Central Life Insurance Co. v. Hook, 62 Ohio St., 256; The Eureka Fire & Marine Insurance Co. et al. v. Baldwin, 62 Ohio St., 368; Northern Assurance Co. of London v. Grandview Building Association, 183 U. S., 308.) To avoid them it must be shown that the company waived them or is estopped to enforce them, and this cannot be done by proof of acts or representations of the agent, not brought to the knowledge of the company. There is no evidence in the record even tending to prove that the company knew of the additional incumbrance. The most that can be claimed for the evidence is, that it tended to prove knowledge on the part of the agents who issued the policy, and that these agents were general agents for the county. But it is not contended that these agents had any authority to make contracts not containing the provisions . already referred to, and the fact, if such was the fact, that they were general agents for the county did not affect the question. There was no evidence tending to prove that the company accepted premiums with knowledge of the additional incumbrance, and nothing to estop the company as to any matter in issue.
*172 In Graham et al. v. The German American Insurance Co., 75 Ohio St., 374, it is held that a provision similar to the one in this case as to appraisement, is a condition precedent when there is a disagreement as to the amount of the loss; and that when there is a disagreement as to the amount of the loss, an appraisal is required by the terms of the contract, and in a suit on the policy the burden is on the insured to show performance. In the instant case the evidence tended to show that the company withheld the payment of the loss because of the receipt of an anonymous letter stating that the insured did not have any personal property in the barn and that he had set fire to the barn, and counsel for the company contend that this shows that the amount of the loss was in dispute. The plaintiff not only averred that there was no disagreement as to the amount of loss, but also the performance of all the conditions on his part to be performed. Section 5091, Revised Statutes, provides that, “In pleading the performance' of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance.” The provision as to appraisement is a condition precedent only when there has been a disagreement as to the amount of the loss, and in view of the statute, and the averments of the petition that there was no disagreement as to the amount of the loss, and that the plaintiff had performed all the conditions om his part to be performed, the defendant, in order *173 to raise the issue and put the plaintiff to his proof as to performance of this condition, should have denied performance of all the conditions and should have pleaded specifically this provision of the policy.
The making of the additional incumbrance and the failure to endorse .being admitted, and there being no evidence tending to prove waiver by the company, the trial court should have directed a verdict for the company as to the first cause of action, and the judgment will be modified by deducting the amount of the loss of the building. •

Judgment modified.

Summers, C. J., Crew, Spear, Davis, Shauck and Price, JJ., concur.